UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR 1849 C Street, N.W. (MS-6556 MIB) Washington, DC 20240<br><br>*Defendant*. | Civil Action No. 18-cv-651<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel Grand Teton National Park, a political subdivision of the United States Department of Interior ("GRTE" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. In April 2015, Grand Teton National Park received an SF-299 application to build one or more cell towers within the park. In excess of two years after, the GRTE published a "scoping" newsletter announcing a "telecommunications infrastructure plan" to the

public that may include the construction of a cell tower. However, GRTE has not complied with the RM-53: Special Park Uses, Rights-of-Way, Wireless Telecommunications Facilities process that is required before building any cell towers within a national park.

4. On June 27, 2017, Plaintiff electronically sent a FOIA request to Defendant. This request sought (1) copies of all SF-299 applications received by GRTE since 2013, including (but not limited to) the application received in April 2015 that led to the "Telecommunications Infrastructure Plan and Environmental Assessment Scoping" public comment period; (2) all photo simulations pertaining to proposed cellular facilities in GRTE; (3) all "before" and "after" coverage maps for each proposed cellular facility in GRTE; (4) GRTE's written response to any wireless company that has submitted an SF-299 application to GRTE; (5) copies of all records in the possession of GRTE pertaining to the SF-299 application received in April 2015, including (but not limited to) e-mails, e-mail attachments, letters, meeting minutes, meeting notes, phone messages, and memoranda; (6) a copy of GRTE's Administrative Record for the SF-299 application received in April 2015; (7) copies of all records that GRTE is relying upon to determine "visitor expectations" at GRTE, given that the scoping newsletter posted at the National Park Service Planning, Environment and Public Comment ("PEPC") website makes three references to GRTE's desire to meet "visitor expectations"; (8) copies of all records documenting the quality of cell phone coverage in developed areas of GRTE, given that the scoping newsletter posted at PEPC states that there is "unreliable cell phone coverage within developed areas" of GRTE; (9) a copy of the 2001 Park memorandum in which GRTE officials "resolved to restrict cell service to the

park's two most developed classes of land: those managed as 'high density recreation' and 'general outdoor recreation'"; (10) all records in the possession of GRTE relating to consultation with Yellowstone National Park officials regarding cellular communications in the area; (11) all records in the possession of GRTE relating to consultation with Yellowstone National Park officials regarding a fiber optic cable network in the area; (12) all studies since 2013 in the possession of GRTE reviewing or analyzing cellular communications in the Park; and (13) all communications in any form received from the public since January 1, 2013 concerning cellular service in GRTE.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to make a determination on the request or to produce any records in response to Plaintiff's June 27, 2017 FOIA request, Tracking Number NPS-2017-00967.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to determine whether legally required processes are being followed by the GRTE, on behalf of the Department of Interior, to construct one or more cell towers in the Park.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, DOI, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. In April 2015, GRTE received a SF-299 application to build one or more cell towers within the Park.

19. Every cell tower proposal must follow a process found at RM-53: Special Park Uses, Rights-of-Way, Wireless Telecommunication Facilities ("RM-53 process"), in addition to the normal compliance with the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq*. ("NEPA"), and the National Historic Preservation Act, 16 U.S.C. § 470 *et seq*. ("NHPA").

20. The RM-53 process requires that the GRTE alert the public to the Park's receipt of a cell tower application within ten (10) days after receipt of the application.

21. To date, GRTE has not complied with the RM-53 process in response to the April 2015 application for a cell tower, or any other SF-299 applications received since 2013.

22. The April 2015 SF-299 application initiated the planning process for GRTE's telecommunications infrastructure plan, but the public was not notified about the existence of the April 2015 SF-299 application until more than two years later.

23. On June 27, 2017, as a result of concern about GRTE's compliance with processes that are legally required in response to receiving SF-299 applications, as well as the public's ability to meaningfully understand and comment upon the details of the Park's telecommunications infrastructure plan, PEER requested records and information related to this plan pursuant to FOIA. Specifically, PEER requested:

    a. *Copies of all SF-299 applications received by GRTE since 2013, including (but not limited to) the application received in April 2015 that led to the current "Telecommunications Infrastructure Plan and Environmental Assessment Scoping" public comment period;*

    b. *All photo simulations pertaining to proposed cellular facilities in GRTE;*

    c. *All "before" and "after" coverage maps for each proposed cellular facility in GRTE;*

    d. *GRTE's written response to any wireless company that has submitted an SF-299 application to GRTE;*

    e. *Copies of all records in the possession of GRTE pertaining to the SF-299 application received in April 2015. Such records include, but are not limited to, e-mails; e-mail attachments; letters; meeting minutes; meeting notes; phone messages; and memos;*

    f. *A copy of GRTE's Administrative Record for the SF-299 application received in April 2015;*

    g. *Copies of all records that the Park is relying on to determine "visitor expectations" at GRTE. (The scoping newsletter posted at PEPC makes three references to GRTE's desire to meet "visitor expectations.");*

    h. *Copies of all records documenting the quality of cell phone coverage in developed areas of GRTE. (The scoping newsletter posted at PEPC states that there is "unreliable cell phone coverage within developed areas" of GRTE.);*

    i. *A copy of the 2001 Park memo in which GRTE officials "resolved to restrict cell service to the park's two most developed classes of land: those managed as 'high density recreation' and 'general outdoor recreation.'" This memo was described by Mike Koshmrl in the June 17, 2017 issue of The Jackson Hole Daily ("Teton Park eyes cell service upgrade");*

    j. *All records in the possession of GRTE relating to consultation with Yellowstone National Park officials regarding cellular communications in the area;*

    k. *All records in the possession of GRTE relating to consultation with Yellowstone National Park officials regarding a fiber optic cable network in the area;*

    l. *All studies since 2013 in the possession of GRTE reviewing or analyzing cellular communications in the Park; and*

    m. *All communications in any form received from the public since January 1, 2013 concerning cellular service in GRTE."*

24. Pursuant to 5 U.S.C. 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need to extend this time limit due to unusual

circumstances. *See also* 43 C.F.R. §§ 2.16(a), and 2.19. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

25. On July 14, 2017, DOI (GRTE) sent Plaintiff a letter acknowledging receipt of Plaintiff's request and waiving fees.

26. On July 28, 2917, DOI (GRTE) sent Plaintiff a letter notifying Plaintiff that its FOIA request has been placed in the "complex track", which is for requests that can be processed in twenty-one (21) to sixty (60) work days, and that DOI would dispatch a determination to Plaintiff by September 25, 2017.

27. In a letter dated September 25, 2017, DOI notified Plaintiff that DOI was unable to dispatch a determination because PEER's request was behind another complex request in the Grand Teton National Park FOIA processing queue. DOI stated that it had conducted the search for records, but was unable to review and process the records. DOI did not provide any approximate timeline regarding when it might fulfill Plaintiff's FOIA request.

28. In an email dated February 26, 2018, Plaintiff contacted GRTE concerning the status of this request. GRTE replied the same day stating that the status of this request had not changed since the last update five months prior.

29. Twenty working days from June 30, 2017 (the date that Plaintiff's request was received according to the agency's acknowledgement letter) was July 31, 2018. As of this March 22, 2018 filing, Plaintiff has received neither a determination on its June 27, 2017 FOIA request, nor any responsive records.

30. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative

remedies for its June 27, 2017 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Interior regulations promulgated thereunder, 43 C.F.R. § 2.1 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

 iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 22, 2018,

    /s/ Adam Carlesco
Adam Carlesco, DC Bar # 1601151

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
acarlesco@peer.org

*Counsel for Plaintiff*